## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA – LAS VEGAS

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                              **Plaintiff,**<br><br>               **v.**<br><br>**JOSEPH A. SARANELLO,**<br><br>                              **Defendant.** | 2:14-cv-2154 |

### FINAL JUDGMENT AS TO DEFENDANT JOSEPH A. SARANELLO

The Securities and Exchange Commission having filed a Complaint ("the Complaint") and Defendant Joseph A. Saranello having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment; having admitted the facts set forth in the *Consent of Defendant Joseph A. Saranello* and acknowledged that his conduct violated the federal securities laws:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act

of 1933 (the "Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

2

(c)      Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or

instruments of transportation or communication in interstate commerce or by use of the mails,

directly or indirectly:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)      to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

3

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $60,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,953, for a total of $62,953.  The Court will deem this amount satisfied on a dollar-for-dollar basis by the amount of any forfeiture or restitution ordered in *United States v. Joseph A. Saranello*, Crim. Action No. 10-63-JVS (C.D.Cal.) (hereinafter "the Criminal Matter").  Defendant shall satisfy this obligation by paying any amount not offset by forfeiture or restitution ordered by the Court to the Securities and Exchange Commission 30 days after he has been sentenced in the Criminal Matter.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier' s check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

4

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Saranello as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) 31 days after Defendant has been sentenced in the Criminal Matter. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that based on Defendant's cooperation in a Commission investigation and related enforcement actions, the Court is not ordering Defendant to pay a civil penalty. If at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendant knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendant, petition the Court for an order requiring Defendant to pay a civil penalty. In

connection with any such petition and at any hearing held on such a motion:  (a)  Defendant will

be precluded from arguing that he did not violate the federal securities laws as alleged in the

Complaint; (b) Defendant may not challenge the validity of the Judgment, this Consent, or any

related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such

motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the

issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition

or investigative testimony, and documentary evidence without regard to the standards for

summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  Under these

circumstances, the parties may take discovery, including discovery from appropriate non-parties.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the Complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the

Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Defendant shall comply with all of the undertakings and agreements set forth therein.

6

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2014

_____
UNITED STATES DISTRICT JUDGE